IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF VIRGINIA

**Norfolk Division**

| | |
|---|---|
| **BERNETTIA J. COONEY,** ) | |
| ) | |
| ) | **CIVIL ACTION NO:** |
| Plaintiff, ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| **TOWNE AUTO BROKERS, INC.** ) | |
| ) | |
| Serve: James T. Cromwell ) | |
| Sykes, Bourdon, Ahern & Levy ) | |
| 281 Independence Boulevard, ) | |
| 5th Floor ) | |
| Virginia Beach, VA 23462-0000 ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

Plaintiff, Bernettia J. Cooney ("Cooney" or "Plaintiff"), by counsel, for her Complaint against Defendant, Towne Auto Brokers, Inc. ("Towne Auto" or "Defendant"), alleges as follows:

### THE PARTIES

1. Plaintiff Cooney is a natural person and a resident of Virginia Beach, Virginia.

2. Defendant Towne Auto is a Virginia corporation, with its headquarters and principal place of business in Virginia Beach, Virginia.

### JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331.   Venue properly lies in this Court because a substantial portion of the events giving rise to the claims alleged in this Complaint took place within this District.

FACTUAL BACKGROUND

4. Upon information and belief, Defendant's primary scope of business consists of selling used automobiles to the general public as well as operating an automotive repair service facility in the City of Virginia Beach, Virginia. Upon information and belief, Defendant is a licensed motor vehicle dealer.

5. On or about September 4, 2015, Ms. Cooney visited Defendant's used car lot for the purpose of purchasing a car for her step-daughter, India Roberts, to be titled in Ms. Robert's name.

6. On that date Ms. Cooney selected a certain 2003 Subaru Forester (VIN No. JF1SG63683H761748) (the "Subaru") to be purchased.

7. On the next day, September 5, 2015, Ms. Cooney returned to the Defendant's lot to meet Ms. Roberts so that Ms. Roberts could take delivery of the Subaru and sign all necessary documents to transfer and obtain title and ownership.

8. While at Defendant's dealership, the Plaintiffs started the Subaru, at which point there was some hesitation and rattling. At that point, Defendant's agent, servant and employee, Duante Matthews, while acting in the course and scope of his employment represented to Plaintiff and Ms. Roberts that the rattling was likely the "catalytic converter" and was "nothing to worry about." Defendant issued Plaintiffs a "we owe" form stating that it would "check and fix raddling of heat shield or catalytic converter" (sic) within thirty days.

9. Defendant additionally offered a limited 30-day warranty.

10. Ms. Cooney paid the sum of $8,691.83 to Defendant in order to purchase the Subaru for Ms. Roberts.

11.     Plaintiffs took the Subaru back to the Defendant on or about September 10, 2015, at which time they waited for a period while the Subaru was in Defendant's repair facility.  After a period of time, Defendant's manager brought the Subaru out and proclaimed that it had been fixed.

12.     Plaintiff asked Defendant for paperwork evidencing any repairs made to the Subaru, Defendant failed and refused to provide anything.

13.     When Ms. Roberts attempted to re-start the Subaru in order to leave, it would not start.  After multiple attempts by Ms. Roberts and Defendant's manager, the Subaru finally made a very hard and difficult start.  Defendant gave Ms. Roberts a "loaner car" while retaining possession of the Subaru, supposedly for the purpose of repairing it.

14.     Several days later, Ms. Roberts retrieved the Subaru.  The Subaru continued to experience problems with rattling and having difficulties starting.  She returned the Subaru to Defendant's repair facility on or about September 24, 2015 for still more purported repair work.

15.     Defendant represented that they did not believe anything was wrong with the Subaru.  In response, Ms. Cooney went to Defendant's facility, picked up the Subaru, and took it to RK Subaru for a diagnostic test, which revealed several problems with the car including engine knocking.

16.     Ms. Cooney returned the Subaru to Defendant and revealed the findings of the diagnostic test on or about September 28, 2015, still within the 30-day warranty and "we owe" period.

17.     Neither Ms. Cooney or Ms. Roberts have had physical possession of the Subaru since September 28, 2015.  Upon information and belief, it remains in the possession of Defendant.

18.     Defendant did not make any attempt to transfer title to Ms. Cooney or Ms. Roberts until on or about July 12, 2016.

19. Defendant remains in possession of the monies as paid to it.

20. Plaintiff gave notice to Defendant that she wished to return the Subaru for a full refund both before and after the expiration of thirty (30) days from the purchase of the Subaru.

21. Defendant attempted to charge "restock fees" in order to take back the car of $200.00 on October 10, 2015 and $295 on October 12, 2016.

## COUNT I
### Violation of the Magnuson-Moss Warranty Act, 15 USC §§ 2301-2312)

22. Plaintiff repeats and realleges each and every paragraph of this complaint as though fully set forth herein.

23. The Subaru is a "consumer product" as that term is defined by 15 U.S.C. §2301(1).

24. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §2301(3) and utilized the Subaru for personal and household use and not for resale or commercial purposes.

25. Defendant is a "warrantor" and "supplier" as those terms are defined by 15 U.S.C. §2301(4) and (5).

26. Defendant provided Plaintiff with "written warranties" as that term is defined by 15 U.S.C. §2301(6).

27. In its capacity as a warrantor, and by the conduct described herein, any attempt by Defendant to limit the express warranties in a manner that would exclude coverage of the defective Subaru is unconscionable and any such effort to disclaim or otherwise limit liability for the defective Subaru is null and void.

28. Through the conduct described herein, Defendant has failed to comply with its obligations under its written and implied promises, warranties, and representations, despite having been afforded a reasonable opportunity to cure such failure to comply.

29. As a result of Defendant's breach of express and implied warranties, Plaintiff is entitled to revoke their acceptance of the Subaru, obtain damages and equitable relief, and obtain attorney's fees and costs pursuant to 15 U.S.C. §2310.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Bernettia J. Cooney, prays for entry of judgment in favor of Plaintiff and against Defendant Towne Auto Brokers, Inc. in the form of the following relief:

a. Costs, restitution, damages, and disgorgement in an amount to be determined at trial;

b. Revocation of acceptance;

c. Declaratory relief as the court deems appropriate;

d. Treble and/or punitive damages as permitted by applicable law;

e. Attorneys' fees and court costs associated with this suit; and

f. Other such relief as may be appropriate to effectuate the purpose of justice.

Date: February 19, 2019                Respectfully submitted,

BERNETTIA J. COONEY

_____/s/_____
Todd M. Gaynor, Esquire
Virginia Bar No.: 47742
GAYNOR LAW CENTER, P.C.
440 Monticello Avenue, Suite 1800
Norfolk, Virginia 23510
PH: (757) 828-3739
FX: (75) 257-3674
EM: tgaynor@gaynorlawcenter.com

*Counsel for Plaintiff*